# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 21, 2013

Lyle W. Cayce
Clerk

No. 12-30999
Summary Calendar

JOHNNY SWANK,

Plaintiff-Appellant

v.

ROBERT C. TANNER, Warden,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-2677

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Johnny Swank, Louisiana prisoner # 438338, an inmate at B.B. Rayburn Correctional Center (Rayburn) and a follower of the Wiccan faith, filed a 28 U.S.C. § 1983 civil rights action against Robert C. Tanner, Warden of Rayburn. Swank argued that Tanner violated his First Amendment rights by confiscating religious items needed to practice his Wiccan faith and violated the Equal Protection Clause by treating Wiccans differently than followers of other religions. The magistrate judge, ruling by consent of the parties, granted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tanner's motion for summary judgment, concluding that the restrictions on religious objects did not violate Swank's First Amendment rights under *Turner v. Safley*, 482 U.S. 78 (1987), because the policies were supported by non-pretextual security concerns, because those concerns represented a legitimate governmental interest, and because the policies were rational and logically related to officials' concerns. Additionally, the magistrate judge found that there was no evidence that the policies operated in a fashion that was not neutral. As to Swank's Fourteenth Amendment claims, the magistrate judge determined that the prison policies did not violate Swank's right to equal protection because "the prison policies in question satisfy *Turner*'s requirement, little or no evidence has been offered showing that similarly situated faiths are afforded superior treatment, and no evidence establishes that the policies were the product of purposeful discrimination."

Swank now appeals, arguing only that Tanner is a proper party to his suit and liable for the implementation of policies relating to religious items, and further but conclusorily, that the unjustified deprivation of prisoners' religious items violates the First Amendment. Swank identified no error in the magistrate judge's grant of summary judgment and dismissal of his claims. Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Failure to identify any error in the district court's analysis is the same as if the appellant had not appealed the judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The judgment of the district court is AFFIRMED.